STATE OF NORTH CAROLINA v. GEORGE ERNEST POOLE

No. 7520SC550

(Filed 7 January 1976)

**Homicide §§ 14, 24— burden of proof — absence of malice — self-defense — nonretroactivity of Mullaney decision**

Since the decision of *Mullaney v. Wilbur,* 421 U.S. 684 (1975) is not retroactive, it was not erroneous for the court in a murder trial held prior to the date of that decision to place on defendant the bur-

den of satisfying the jury that there was no malice in order to reduce the crime to manslaughter and that he acted in self-defense.

APPEAL by defendant from *Long, Judge.* Judgment entered 2 April 1975 in Superior Court, STANLY County. Heard in the Court of Appeals 15 October 1975.

The State sought a verdict of second-degree murder for the killing of Jessie Sturdivant. The evidence tended to show that Sturdivant accused defendant of cheating and that after an argument Sturdivant grabbed him around the neck from behind. Defendant threw him to the floor and shot him three times. Sturdivant died as a result of a wound which penetrated his heart.

The jury found the defendant guilty of voluntary manslaughter. Defendant appeals from judgment imposing imprisonment.

*Attorney General Edmisten by Senior Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Zoro J. Guice, Jr., for the State.*

*Coble, Morton, Grigg & Odom by Ernest H. Morton, Jr., for defendant appellant.*

CLARK, Judge.

All of defendant's assignments of error relate to the trial court's charge to the jury.

Defendant contends that the court erred in (1) placing on defendant the burden of satisfying the jury that there was no malice in order to reduce the crime from second-degree murder, and (2) in the placing of the burden on the defendant to satisfy the jury that he acted in self-defense.

The defendant relies on *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508 (1975), decided by the Supreme Court of the United States on 9 June 1975. In Mullaney it was held that Maine law, which required a defendant charged with murder to prove that he acted in the heat of passion on sudden provocation to reduce the homicide to manslaughter, was in violation of the Due Process Clause of the Fourteenth Amendment which requires that the prosecution must prove beyond a reasonable doubt every fact necessary to constitute the crime charged; to satisfy that requirement the prosecution in a homi-

cide case must prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented.

In *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575 (1975), the Supreme Court of North Carolina declined, without further guidance from the United States Supreme Court, to give the decision retroactive effect. Thus, the case at bar, tried at the 1 April 1975 Session (judgment entered 2 April 1975) is not now controlled in North Carolina by the *Mullaney* decision of 9 June 1975.

We have carefully considered the other assignments of error. We note that defendant did not tender requests for further instructions on any subordinate feature of the case. Construing the charge contextually, we find that the trial judge properly applied the law to the evidence in all essential features of the case.

No error.

Chief Judge BROCK and Judge HEDRICK concur.